Yellow Cab Company, Appellee, v. The Newberry Library, Appellant.

Gen. No. 33,273.

Opinion filed April 30, 1929.

DENT, DOBYNS & FREEMAN, for appellant.

SAMUELS, COSTELLO & GREENBERG, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action of assumpsit against the defendant to recover damages claimed to have been sustained by the plaintiff by reason of the breach of a written lease entered into between the parties. The

basis of plaintiff's claim as alleged in its declaration was that on May 9, 1927, a wind and rain storm tore off and destroyed the roof of a building used by it as a garage; that under the terms of the lease the defendant landlord was required to replace the roof but that it refused to do so; that thereafter plaintiff had the damaged roof replaced at an expense of $1,190.79; that on account of the roof being torn off by the wind storm and the failure of the defendant to replace it, plaintiff's property was damaged and this damage was sought to be recovered in addition to the expenses incurred in replacing the roof. The lease is set out verbatim in the first count of the declaration. The defendant demurred to the declaration; the demurrer was overruled and it elected to stand by its demurrer. The court then entered judgment for the $1,190.79 item plus interest, making $1,264.66, and ordered ''that this cause be continued for hearing on plaintiff's declaration for unliquidated damages.'' It is from this judgment that the defendant prosecutes this appeal.

The judgment was entered in favor of plaintiff on its affidavit of claim, in which it set up that its claim was for ''the sum of Eleven Hundred Ninety Dollars and Seventy-nine cents ($1190.79) and interest at six per cent per annum from August 1st, A. D. 1927, as liquidated damages and unliquidated damages by reason of damage to its property because of the failure of said NEWBERRY LIBRARY, a corporation, defendant, to make the repairs promptly, in accordance with the terms of said written lease.'' There was no warrant in the law for the entry of the judgment for part of plaintiff's claim. By section 55 of the Practice Act, Cahill's St. ch. 110, ¶ 55, the court is warranted in entering judgment for a part of the plaintiff's claim where the defendant in its affidavit of merits admits a part of the claim to be due and unpaid. But in the instant case there was no affidavit of merits filed by the

defendant; on the contrary it filed its demurrer to the declaration. The authority for the entry of a judgment for part of plaintiff's claim is entirely statutory, and where a judgment is entered for that part of plaintiff's claim which the defendant admits to be due and unpaid, obviously the defendant cannot seek to reverse such judgment. When the demurrer to plaintiff's declaration was overruled in the instant case and the defendant elected to stand by its demurrer, a jury should have been called to assess the damages. The liability or nonliability of the defendant turns upon the construction of the written lease, but since the appeal was unwarranted the merits of the case are not properly before us.

There being no warrant for the appeal, it is dismissed.

*Appeal dismissed.*

McSurely and Matchett, JJ., concur.